IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| BRITTANY BUCKNER,   )<br>  )<br>        Plaintiff,   )<br>  )<br>v.   )<br>  )<br>JPMORGAN CHASE BANK, N.A.   )<br>  )<br>        Defendant.   )<br>_____   ) | CIVIL ACTION NO. 4:23-CV-123-RGJ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Chase"), appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.*, gives notice of the removal of this action from the Grayson Circuit Court, Grayson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division. As grounds in support of this removal, Chase states as follows:

    **I.**    **INTRODUCTION**

    1.    Plaintiff Brittany Buckner ("Plaintiff") commenced this action by filing a complaint against Chase in the Grayson Circuit Court, Grayson County, Kentucky, Case No. 23-CI-00208 on or about September 28, 2023.

    2.    Chase was served with the Summons and Complaint on October 3, 2023.

    3.    Plaintiff's Complaint asserts claims against Chase relating to its alleged failure to conduct a reasonable investigation of Plaintiff's credit reporting dispute, and Chase's alleged false

reporting of Plaintiff's credit accounts to certain consumer reporting agencies ("CRA"). (*See generally* Complaint).

4. Based on these allegations, Plaintiff purports to assert a federal claim against Defendants under the Fair Credit Reporting Act ("FCRA"). (*Id.*). Plaintiff also asserts a claim against Chase for alleged violations of KRS 355.9-210 and 355.9-615 and for breach of contract against Chase arising from the conduct of Dan Powers GM Center, Inc. pursuant to the Holder in Due Course Rule expressed in 16 CFR Part 433. (*Id*).

5. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (a).

## II.   FEDERAL QUESTION JURISDICTION

6. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

7. This is a civil action arising under the Constitution, laws, or treaties of the United States, because Plaintiff asserts claims against Defendant based upon an alleged violation of the FCRA, which is a federal consumer protection statute. (*See* Complaint; *see also* 15 U.S.C. §§ 1681 *et seq.*) Accordingly, Plaintiff's FCRA claim arises under the laws of the United States and could have been originally filed in this Court.

### III.     SUPPLEMENTAL JURISDICTION EXISTS OVER THIS ACTION

8. This Court can exercise supplemental jurisdiction over Plaintiff's claims for alleged violations of KRS 355.9-20, 355.9-615, and breach of contract because these state law claims form part of the same case or controversy as Plaintiff's FCRA claim. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

9. In the instant case, Plaintiff's state law claims are related to the same activity that forms the basis for Plaintiff's FCRA claim. The KRS 355.9-210, 355.9-615 and breach of contract claims relate to some of the defendant's alleged actions with respect to the servicing of the accounts, and the alleged conduct that forms the basis of Plaintiff's FCRA claim is the same alleged conduct that forms the basis of the state law claims (*See* Complaint). Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367 (a). *See also* 28 U.S.C. § 1441 (c) ("Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein. . . .").

10. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action to avoid an unnecessary duplication of judicial resources. *See Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (holding that, in deciding whether to exercise supplemental jurisdiction, "[a] district court should consider the

interests of judicial economy and the avoidance of multiplicity of litigation"). In the instant case, Plaintiff's state law claims arise from the same transaction or occurrence, but do not raise novel or complex issues of state law of predominance over Plaintiff's FCRA claim. *See Blakely v. United States*, 276 F.3d 853, 862 (6th Cir. 2002) (citing 28 U.S.C. § 1367(c)). Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

### IV. ADOPTION AND RESERVATION OF DEFENSES

11. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendants' rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

### V. PROCEDURAL REQUIREMENTS

12. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

13. True, correct, and certified copies of "all process, pleadings, and orders" served on Chase are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings or orders served upon Chase to date in this case.

14. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as Chase was served on October 3, 2023.

15. Chase has heretofore sought no similar relief.

16. The United States District Court for the Western District of Kentucky, Louisville Division, is the court and division embracing the place where this action is pending in state court.

17. Contemporaneously with the filing of this notice of removal, Chase filed a copy of the same with the clerk of the Grayson Circuit Court, Grayson County, Kentucky and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

18. Chase reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Grayson Circuit Court, Grayson County, Kentucky, to the United States District Court for the Western District of Kentucky, Louisville Division.

Respectfully submitted,

*/s/ Benjamin L. Riddle*
BENJAMIN L. RIDDLE
STEPHEN HOUSTON
STEPTOE & JOHNSON PLLC
700 N. Hurstbourne Pkwy, Suite 115
Louisville, KY 40222
O: (502) 423-2000
F: (502) 423-2001
benjamin.riddle@steptoe-johnson.com
**Counsel for Defendant**

## **CERTIFICATE OF SERVICE**

      It is hereby certified that a true copy of the foregoing has this 2nd day of November 2023, been served via electronic filing and/or U.S. Mail to the following:

Juliana N. Madaki
Law Practice Group, PLLC
4211 Poplar Level Road, Suite 201
Louisville, KY 40213
Phone: (502) 269-5617
Fax: (502) 632-6350
Jules.Madaki@LPGLegal.com
***Counsel for Plaintiff***

                                              */s/ Benjamin L. Riddle*
                                              ***Counsel for Defendant***