UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BRITTANY BUCKNER                                                                                      Plaintiff

v.                                                                           Civil Action No. 4:23-cv-123

JPMORGAN CHASE BANK, N.A.,                                                                         Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant JPMorgan Chase Bank, N.A., ("Chase") moves for dismissal with prejudice of Plaintiff Brittany Buckner's ("Buckner") claims under Fed. R. Civ. P. 12(b)(6) and 56. [DE 21].[1] Buckner objected to Chase's motion and asked the Court to remand to state court for lack of subject matter jurisdiction and grant attorneys' fees. [DE 22]. Chase replied. [DE 23]. This matter is ripe. For the reasons below, Chase's Motion to Dismiss [DE 21] as to Count I: Breach of Contract and Count IV: Violation of 15 U.S.C. § 1681s-2 is **GRANTED**, and Chase's Motion for Summary Judgment [DE 21] is **GRANTED** as to Count II: Violation of Kentucky Law and Count III: Violation of Kentucky Consumer Protection Act.

### I.     BACKGROUND[2]

Originally filed in Grayson Circuit Court on November 2, 2023, Buckner asserts four claims against Chase for breach of contract; two violations of the Kentucky Consumer Protection Act ("KCRA"), KRS § 355.9 *et seq.*; and violation of the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Chase removed this action to federal court under federal question

---

[1] The Joint Local Rules for the Eastern and Western Districts of Kentucky contemplate a single, unified motion and memorandum. *See* Local Rule 7.1. Going forward, counsel is advised to file a unified motion.
[2] The factual allegations in the Complaint [DE 1-2] are considered true for purposes of this motion. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367(a), over the state law claims.

On June 12, 2016, Buckner "purchased a 2012 [ ] vehicle on a Retail Installment Contract and Security Agreement ("RIC") from Dan Powers GM Center, Inc. [("Powers")][.]" [DE 1-2 at 10,18-19]. "The terms of the RIC were for 72 semi-monthly payments in the amount of $639.25 beginning on June 11, 2016." [*Id*. at 10]. Buckner alleges that the contract included a cash price of $30,800.00 and a usage tax of $1,848.00. [*Id*.]. According to Buckner, Powers inflated the cash sale price of the vehicle when he "represented and sold the vehicle to her for a cash sale price of $33,648 ($35,648 – ($30,800 + $1,848))." [*Id*.]. Powers assigned the RIC to Chase. [*Id.*] On May 19, 2023, Buckner sent a written letter by certified mail to Chase, disputing "the Chase account reporting on her credit reporting accounts." [*Id*. at 10-11]. The letter asserted that Buckner's TransUnion credit file showed an inflated amount past due for the Chase tradeline.[3] [*Id*.]. Chase responded to Buckner's letter on June 8, 2023, and allegedly "failed to provide the accounting of the proceeds from the sale of the collateral [Buckner requested] in violation [of] Kentucky law." [*Id*.]. Additionally, Buckner asserts that "Chase failed to notify Trans Union [sic] that the account was disputed by [ ] Buckner." [*Id*.].

Chase now moves to dismiss Buckner's complaint under Fed. R. Civ. P. 12(b)(6), for failing to state a claim upon which relief can be granted and moves for summary judgment under Fed. R. Civ. P. 56. [DE 21].

---

[3] "A tradeline refers to a record of activity for any time of credit extended to a borrower and reported to a credit reporting agency." *Hart v. Simon's Agency, Inc*., No. 519CV00342NAMML, 2022 WL 4619863, at *1 (N.D.N.Y. Sept. 30, 2022).

## II. STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences for the non-moving party. *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

## B. Motion for Summary Judgment

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." In evaluating such a motion, the evidence must be viewed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in the non-moving party's favor. *United States Sec. & Exch. Comm'n v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013) (citing *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006)). This Court then asks "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986)). "[S]ummary judgment will not lie if the dispute is about a material fact that is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. Evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment. *Id.* at 249–50.

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific evidence showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion. *Id.* at 252.

The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Rule 56(c)(1) requires that a "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

On a motion for summary judgment, the initial burden rests on the movant to present the Court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there remains a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

### C. Waiver and Abandonment

It is well settled law that a plaintiff waives her claim by failing to respond to or refute arguments made by the defendant in a motion to dismiss and "the Court assumes he concedes this point and abandons the claim." *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010); *see also Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.,* 531 F. App'x. 567 (6th Cir. 2013) (recognizing that the plaintiff had waived claim by failing to respond to or refute arguments made by the defendants in the district court); *Allstate Ins. Co. v. Global Med. Billing, Inc.,* 520 F. App'x. 409, 412 (6th Cir.2013) (same); *Doe v. Bredesen*, 507 F.3d 998, 1007–08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing the government's motion to dismiss); *Degolia v. Kenton Cty.*, 381 F. Supp. 3d 740, 759–60 (E.D. Ky. 2019) ("[I]t is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (quoting *Rouse v. Caruso*, No. 6-cv-10961-DT, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011)) (internal quotation marks omitted); *ARJN #3 v. Cooper*, 517 F. Supp. 3d 732, 750 (M.D. Tenn. 2021); *PNC Bank, Nat. Ass'n v. Goyette Mech. Co., Inc.*, 88 F. Supp. 3d 775, 785 (E.D. Mich. 2015) (dismissing claims that the plaintiffs failed to respond to in opposition to motion to dismiss, noting that "[a] plaintiff abandons undefended claims.").

Further, the Sixth Circuit's jurisprudence on abandonment of claims in response to summary judgment is also clear: a plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment. *See Brown v. VHS of Michigan, Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013); *Hicks v. Concorde Career Coll.,* 449 F. App'x. 484, 487 (6th Cir.2011) (holding that a district court properly declines to consider the merits of a claim

when a plaintiff fails to address it in a response to a motion for summary judgment); *Clark v. City of Dublin,* 178 F. App'x. 522, 524–25 (6th Cir. 2006) (recognizing that the failure to respond properly to motion for summary judgment arguments constitutes abandonment of a claim); *Conner v. Hardee's Food Sys.,* 65 F. App'x. 19, 24–25 (6th Cir. 2003); *see also Colston v. Cleveland Pub. Library,* No. 1:12–CV–204, 2012 WL 3309663, at *2 n. 2 (N.D. Ohio Aug. 13, 2012) (deeming a claim abandoned and granting summary judgment when a plaintiff "did not respond or even mention [the] claim in her opposition to Defendants' motions for summary judgment"). However, such a failure does not automatically entitle the movant to judgment. *Kemper v. City of Jackson*, Tennessee, No. 1:22-CV-02689-MSN-JAY, 2025 WL 336211, at *6 (W.D. Tenn. Jan. 24, 2025). A court must still determine whether the movant has demonstrated the absence of a genuine dispute of material fact through proper evidentiary designations. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). While a party's failure to respond to specific arguments can indicate abandonment, it does not relieve the court of its duty to ensure that summary judgment is appropriate based on the properly supported material facts cited by the moving party. *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 403–07 (6th Cir. 1992). The scope of this review, however, is not unlimited. Courts need not search the entire record *sua sponte* for genuine disputes of material fact but must examine the evidence properly designated by the moving part to determine whether summary judgment is warranted. *E.g.*, *Street*, 886 F.2d at 1479–80 (citing *Anderson*, 477 U.S. 242; *Celotex Corp.*, 477 U.S. 317; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)).

When considering "the summary judgment precept that the trial court is under no duty to 'search the entire record to establish that it is bereft of a genuine issue of material facts' and that 'the nonmoving party has an affirmative duty to direct the court's attention to those specific

7

portions of the record upon which it seeks to rely to create a genuine issue of material fact,'" along with the Sixth Circuit precedent on abandonment, "the case is strong for dismissing the uncontested arguments outright." *Doe v. Univ. of Kentucky*, 2021 WL 3519458, at *3 (E.D. Ky. Aug. 10, 2021) (citing *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001)).

### III. ANALYSIS

Chase moves to dismiss Buckner's complaint under Fed. R. Civ. P. 12(b)(6) and 56. Buckner brings four claims against Chase. [DE 1-1]. These claims include Count I: Breach of Contract, Count II: Violation of Kentucky Law, Count III: violation of the Kentucky Consumer Protection Act, and Count IV: Violations of 15 U.S.C. § 1681s-2. [*Id.*]. Chase moved to dismiss these claims on grounds that (1) Buckner's breach of contract claim is time barred, (2) Buckner's Kentucky state law claims are preempted by the FCRA, and (3) Buckner's FCRA claim fails because Buckner has not shown any errors on her credit report. [DE 21-1 at 80-81, 82-85]. Chase also asserts that it is entitled to summary judgment on Buckner's breach of contract claims because Buckner has misapplied KRS 138.460(1) and thus, the factual basis for the alleged inflation of the vehicle price is incorrect and the claim must fail as a matter of law. [DE 21-1 at 81-82].

In response, Buckner fails to address most of Chase's arguments, and instead asserts that this Court does not have subject matter jurisdiction because "Ms. Buckner's Complaint did not satisfy the pleading standard necessary to meet Article III standing in federal court because her claim against Chase was facially not concrete and particularized." [DE 22 at 121].

### A. Article III Standing

When a motion to dismiss presents or brings forth alternative arguments, the court must address arguments of subject matter jurisdiction first. *City of Heath v. Ashland Oil, Inc.*, 834 F. Supp. 971, 975 (S.D. Ohio 1993) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d

266, 269 (6th Cir. 1990)). The Court lacks subject-matter jurisdiction over a claim if the plaintiff fails to show that he has standing to bring it. Fed. R. Civ. P. 12(b)(1); *Ward v. Alt. Health Delivery Sys., Inc.*, 261 F.3d 624, 626 (6th Cir. 2001). Therefore, standing must be addressed prior to Chase's motion for dismissal with prejudice of Buckner's claims under Fed. R. Civ. P. 12(b)(6) and 56. *See Solis v. Emery Fed. Credit Union*, 459 F. Supp. 3d 981, 986 (S.D. Ohio 2020).

Buckner's response reads more like a motion to remand rather than a response to a motion to dismiss and appears to improperly conflate various legal principles of jurisdiction and pleading standards. Buckner argues that because Chase removed this action to federal court, Chase "bore the burden of demonstrating that the plaintiff had Article III standing when it removed the matter to this Court[,]" and failed to do so. [DE 22 at 119]. Buckner then attacks her own Complaint, asserting that because she "did not prepare her Complaint for filing in federal court[,]" her complaint "failed to allege any actual harm[,]" and therefore, Article III standing is not satisfied and the case must be remanded to state court. [*Id.* at 120]. In reply, Chase contends that Buckner "has made a complaint for specific injury and alleged actual harm[,]" thus Article III standing has been met and dismissal, not remand, is required. [DE 23 at 126].

As an initial matter this case was remanded to this Court November 2, 2023, over a year and a half ago. For counsel to now assert that remand is necessary based on a lack of subject matter jurisdiction by attacking Plaintiff's own complaint and asserting that Plaintiff's "Complaint failed to allege any actual harm" is simply disingenuous. The argument strains credulity.

Rule 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the Complaint. Generally, Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. Fed. R. Civ. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994). In a facial attack, the defendant asserts that the allegations in a complaint are insufficient

9

on their face to invoke federal jurisdiction. *Id*. By contrast, in a factual attack, the defendant disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction and the Court is free to weigh the evidence. *Id*. The plaintiff has the burden of proving subject matter jurisdiction to survive a motion to dismiss under Rule 12(b)(1). *Madison-Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990).

A plaintiff must have standing to have subject matter jurisdiction under Article III of the Constitution, which "limits the judicial power to resolving actual 'Cases' and 'Controversies.'" *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 860 (6th Cir. 2020). The standing test has three elements: "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The plaintiff's injury in fact must be both "(a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).

In her Complaint, Buckner alleges Chase violated the FCRA and the KCPA by failing to notify credit reporting agencies to correct the disputed account, failing to refund "Buckner's account the pro-rata amount she was entitled to following the disposition of the collateral with respect to GAP insurance on the RIC in violation of Kentucky's UCC laws, and failing to provide an accounting of the proceeds of the sale of the collateral within 14 days of the request." [DE 1-2 at 11, 13-15]. And Buckner alleges that Chase was subject to the breach of contract claim she could assert against Dan Powers. [*Id*. at 12]. That claim included a $3,000 dispute as to the amount owed. [*Id*. at 12-13]. Buckner claimed the right to recover "statutory damages, costs and fees, reasonable

10

attorney's fees, and punitive damages" under the KCPA. [*Id*. at 14]. Buckner also claimed Chase's alleged harms arising under the FCRA entitled her to statutory and punitive damages, as well as attorneys' fees. [*Id*. at 15]. Thus, according to Buckner's pleading, her alleged injury is concrete and particularized and there is actual harm that has occurred due to Chase's alleged wrong doings. *See Lujan*, 504 U.S. at 560.[4] Therefore, there is standing, and this Court has subject matter jurisdiction.

What further strains credulity is the Plaintiff's request for attorney fees under 28 U.S.C. §1447(c). Buckner asserts that she is entitled to attorneys' fees under 28 U.S.C. § 1447(c) because "Chase [ ] lack[ed] an obvious basis for removing this action to federal court[,]" and did so with the purpose to prejudice Buckner. [DE 22 at 122]. Buckner states that Chase had an obligation to ensure that Buckner's complaint met the Article III standing requirement and failed to do so. [*Id*.]. Buckner clearly asserted a violation of federal law under the FCRA which, at a minimum, allows for statutory damages. As a result, this argument is insincere at best and gamesmanship at worst. Because, as discussed above, this Court has subject matter jurisdiction, this argument need not be addressed further.

**B. Breach of Contract Claim**

Buckner's first claim is for breach of contract. According to Buckner, Powers "overcharged [ ] Buckner the amount of $3,000 in breach of the contract" and "Chase is subject to all the claims and defenses [ ] Buckner could assert against [ ] Powers. . ." [DE 1-2 at 12]. Chase argues that Buckner's breach of contract claim should be dismissed because it was not filed within the four years of the vehicle's purchase and is therefore, not brought within the statute of limitations. [DE

---

[4] Buckner also contends that this Court does not have standing because her complaint does not meet the heightened federal pleading standard. [DE 22 at 120]. Specifically, Buckner asserts that her complaint does not meet he federal standard "because it failed to allege any actual harm." [*Id*.] However, as discussed above, Buckner's complaint alleges actual harm, and this Court has standing.

11

21-1 at 81]. In response, Buckner states that "KRS §355.2-102(3) provides that KRS §355.2 does not apply to consumer transactions. So, the statute of limitation would not apply to this contract." [DE 22 at 123]. Buckner also asserts that this is not a sales contract, but instead, a financing agreement, and that that the 10-year statute of limitation applies because "the contract at issue was effectuated pursuant to KRS § 190, which does not establish a statute of limitation for [ ] Buckner." [*Id.*]. Further, Chase argues that it is entitled to summary judgment as a matter of law because Buckner's claim "misrepresent[s] the proper application of usage tax to the cash price under Kentucky law." [DE 21-1 at 81]. Buckner fails to respond to these arguments.

    *1. Dismissal Under 12(b)(6)*

To succeed on a claim of breach of contract, a party must establish the following: (1) the existence of a contract; (2) a subsequent breach of the contract; and (3) damages resulting from the breach. *Barnett v. Mercy Health Partners-Lourdes, Inc.*, 233 S.W.3d 723, 727 (Ky. App. 2007). Under Kentucky law, the UCC applies to contracts for the sales of goods. KRS § 355.2-201. A vehicle is as a good as defined by § 355.2-105. *See Lexington Mack, Inc. v. Miller*, 555 S.W.2d 249, 251 (Ky. 1977) ("the sale of a motor vehicle and the rights and duties of the parties to such a sale are governed by the Uniform Commercial Code Sales Article, KRS [§] 355.2."). "An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued." KRS § 355.2-725(1). "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach." KRS § 355.2-725(2). At the motion to dismiss stage, a claim is only dismissed based on statute of limitations if "the allegations in the complaint affirmatively show that the claim is time-barred." *G.G. Marck & Assocs., Inc. v. Peng*, 762 F. App'x 303, 307 (6th Cir. 2019) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)).

Buckner filed this action in state court on November 2, 2023. [DE 1-2 at 8]. Within the complaint, Buckner alleges she purchased the vehicle on June 12, 2016. [*Id.* at 10]. Thus, even taking Buckner's allegations as true and in a light most favorable to her, there are seven years between the alleged contract date and when this action was brought. Because a cause of action accrues when the breach occurred, and the breach occurred at the time of the sale, Buckner's allegations in her complaint affirmatively show that she brought this breach of contract claim outside the four-year statute of limitations. *See* KRS § 355.2-725(1)-(2).

Buckner also argues that KRS § 355.2 does not apply to consumer transactions. [DE 21-1 at 81]. In relevant part, KRS § 355.2-102(3) says:

> (3) This article does not:
>  (a) Apply to a transaction that, even though in the form of an unconditional contract to sell or present sale, operates only to create a security interest; or
>  (b) Impair or repeal any statute regulating sales to consumers, farmers, or other specified classes of buyers.

KRS § 355.2-102(3). Reading the statute in the lights most favorable to Buckner, there is nothing indicating that KRS § 355.2 does not apply to consumer transactions. *See id*. Rather, KRS § 355.2-102(3) only indicates that KRS § 355.2 does not apply when the transaction is only creating a security interest, not when it's a consumer transaction.

Likewise, Buckner asserts that the contract is not a sales contract, but a financing agreement, and therefore KRS § 355.2 does not apply. [DE 21-1 at 8]. However, the contract provided is identified as a "Retail Installment Contract and Security Agreement." [DE 21-2 at 87]. And when reviewing the Retail Installment Contract and Security Agreement, the crux of the contract is a sales agreement that also creates a security interest, therefore KRS § 355.2 does apply to this contract. *See* KRS § 355.2-102(3)(a) ("This article does not apply to a transaction that . . . only creates a security interest.").

Finally, Buckner claims that the contract at issue was effectuated pursuant to KRS § 190, and therefore, the ten-year statute of limitations applies. [DE 21-1 at 81]. Although Buckner asserts that a ten-year statute of limitations is the proper statute of limitations, the general statute of limitations in Kentucky is one-year. *See* KRS § 413.140. KRS § 190 does not include a statute of limitations provision, unlike KRS § 355.2. *See* KRS § 190. Thus, the one-year statute of limitations would apply to contracts effectuated under KRS § 190. And as discussed above, there were seven years between the filing of this lawsuit, and the alleged breach of contract. Therefore, even if the one-year statute of limitations applied, rather than the four-year statute of limitations discussed above, Buckner's breach of contract claim would still be time barred. Accordingly, Chase's Motion to Dismiss as to Count I: Breach of Contract is **GRANTED**.

### 2. *Summary Judgment*

As an initial matter, Buckner failed to respond to Chase's summary judgment argument. A plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment. *See Brown*, 545 F. App'x at 372. And although a party's failure to respond to specific arguments can indicate abandonment, it does not relieve the court of its duty to ensure that summary judgment is appropriate based on the properly supported material facts cited by the moving party. *Guarino*, 980 F.2d at 403–07. However, Courts need not search the entire record *sua sponte* for genuine disputes of material fact but must examine the evidence properly designated by the moving part to determine whether summary judgment is warranted. *Street*, 886 F.2d at 1479–80. Thus, because Buckner failed to respond, the Court need not search the entire record for genuine disputes of material fact, but the Court must still determine whether summary judgment is warranted.

Chase moves for Summary Judgment on Buckner's breach of contract claim, as a matter of law, because Buckner's claim "misrepresent[s] the proper application of usage tax to the cash price under Kentucky law." [DE 21-1 at 81]. Specifically, Chase argues that:

> Kentucky's motor vehicle usage tax of 6% is applied using the "retail price" of the vehicle. KRS 138.460 (1). The "retail price" of a vehicle purchased in Kentucky for the purposes of determining sales tax is determined by reducing the sale price agreed to by the buyer by any trade-in allowance of any motor vehicle traded in by the buyer. KRS 138.4603(1)(a). As can be seen from the Agreement, Plaintiff was given a trade-in allowance of $3,000.00 for a used vehicle as the time the Agreement was executed. The usage tax identified in the Agreement was simply calculated after Plaintiff received a $3,000.00 trade-in allowance pursuant to Kentucky law and is not evidence of any breach ($33,800.00 - $3,000.00).

[*Id*.]. Chase attaches the Retail Installment Contract and Security Agreement to support its motion. [DE 21-2]. Buckner does not respond.

Buckner's Complaint asserts that "Dan Powers represented in the RIC that the usage tax was $1,848," and therefore "the cash sale prices that corresponds to a usage tax of $1,848 is $30,800." [DE 1-2 at 12]. "A tax levied upon its retail price at the rate of six percent (6%) shall be paid on the use in this state of every motor vehicle[.]" KRS 138.460 (1). "[T]he retail price shall be determined by reducing the amount of total consideration given by the trade-in allowance of any motor vehicle traded in by the buyer." KRS 138.4603(1)(a). Here, the trade in allowance allocated was $3,000. [DE 21-2 at 87]. This $3,000 balance accounts for the $3,000 discrepancy that Buckner believes she was overcharged based on the sales tax of the vehicle. Therefore, Buckner was not overcharged for the vehicle. Accordingly, Chase's motion for summary judgment as to as to Buckner's Count I: Breach of Contract is **GRANTED**.

### C. Dismissal of Kentucky Law Claims under 12(b)(6)

Buckner brings two state law claims against Chase. Buckner asserts that Chase violated KRS §§ 355.9-210 and 355.9-615 because Chase failed to respond to her request for her entire

15

billing history and explanation of deficiency for the account that Chase was reporting. [DE 1-2 at 13]. Likewise, Buckner brought a second state law claim contending that Chase violated the KCPA when it "failed to refund" Buckner's account "the pro-rata amount she was entitled to following the disposition of collateral with respect to GAP insurance on the RIC[,]" and "when it failed to response to [Buckner's] request within 14 days . . ." [*Id*. at 14]. Chase argues that these claims are "preempted by [§ 1681t(b)(1)(F)] and must be dismissed." [DE 21-1 at 82]. Buckner failed to respond to Chase's arguments.

"[T]he FCRA's two separate preemption provisions are contained in § 1681t(b)(1)(F), which provides furnishers of credit with absolute immunity when fulfilling their obligations under § 1681s-2, and § 1681h(e), which provides furnishers of credit information with qualified immunity from suits 'proceeding in the nature of defamation, invasion of privacy, or negligence . . .'" *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 784-85 (W.D. Ky. 2003). Section 1681t(b)(1)(F) provides in relevant part: "No requirement of prohibition may be imposed under the laws of any State … with respect to any subject matter regulated under … section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies …" 15 U.S.C. § 1681t(b)(1)(F). "[C]ourts have adopted the approach, where § 1681t(b)(1)(F) applies to preempt only state claims against furnishers brought under state statutes, while § 1681h(e) applies to preempt state tort claims." *Eddins v. Cenlar FSB*, 964 F. Supp. 2d 843, 850 (W.D. Ky. 2013) (quotations and citations omitted).

Generally, 15 U.S.C. § 1681t(b)(1)(F) provides absolute immunity from all state law claims covered by 15 U.S.C. § 1681s-2. Specifically, § 1681t(b)(1)(F) states that: "No requirement or prohibition may be imposed under the laws of any state . . . with respect to any subject matter regulated under . . . [15 U.S.C. § 1681s-2], relating to the responsibilities of persons who furnish

16

information to consumer reporting agencies[.]" The Sixth Circuit has held that the FCRA "preempts both state statutory and state common law claims[,]" because "the plain language of § 1681t(b)(1)(F) preempts all state laws without distinguishing between state statutory law and state common law." *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 521 (6th Cir. 2019) (quotations and citations omitted).

Although Chase is a furnisher of information as defined by § 1681, Buckner failed to respond to Chase's arguments. A plaintiff's failure to respond is a waiver of any opposition to a defendant's motion to dismiss. *See In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003) (holding where a plaintiff has not raised arguments in the district court by virtue of his failure to oppose the defendants' motion to dismiss, the arguments have been waived); *see also Scott v. Tenn.*, No. 88-6095, 878 F.2d 382 (Table), 1989 WL 72470, at *2 (6th Cir. July 3, 1989) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, the district court may deem the plaintiff to have waived opposition to the motion."). And although it could be read that the crux of Buckner's state law claims is that Chase failed to respond to Buckner's request for accounting within 14 days, as required by statute, which is separate from the issue that Chase failed to investigate Buckner's dispute, Buckner's failure to respond is a waiver of any opposition to this argument. *See Hood*, 319 F.3d at 760. Therefore, Buckner's claims brought under Kentucky Statutes must be dismissed. Accordingly, Chase's Motion to Dismiss as Count II: Violation of Kentucky Law and Count III: Violation of Kentucky Consumer Protection Act is **GRANTED**.

### D. Summary Judgment of Buckner's FCRA Claim

Buckner's fourth claim is that Chase had a duty to correct Buckner's credit information pursuant to 15 U.S.C. § 1681s-2(b)(1)(D) and "willfully failed to direct the credit reporting agencies to delete inaccurate information" regarding the Chase tradeline. [DE 1-2 at 14-5]. Chase

moves for summary judgment on this claim "[b]ecause it is impossible for Plaintiff to establish Chase's reporting of her credit information was inaccurate due to an error in the calculation of the subject Vehicle's Purchase Price[.]" [DE 21-1 at 85]. Buckner failed to respond to these arguments.

There are "five statutory duties imposed on furnishers of consumer information" under §1681s-2(b). *Id*. The FCRA requires furnishers to conduct a reasonable investigation of the disputed information, review all the relevant information provided by the CRA, report the results of its investigation to the CRA, report incomplete or inaccurate information to the CRA after the investigation, and modify, delete, or permanently block inaccurate or incomplete information that cannot be verified after a reinvestigation. *Id*. at 616-18.

When a furnisher fails to satisfy one of the five duties identified, a consumer can bring a claim under § 1681s-2(b). *Id*. at 618 ("A consumer who demonstrates that a furnisher was negligent in breaching one of these duties . . . is entitled to damages."); *see also*, *e.g.*, *Twumasi-Ankrah v. Checkr, Inc.,* 954 F.3d 938, 943 (6th Cir. 2020) ("§ 1681s-2(b) allows a consumer to sue a data furnisher if the furnisher provides 'incomplete or inaccurate' information to a [Credit Reporting Agency ("CRA")] and then refuses to 'delete' or 'modify' that information in response to a consumer complaint."); *Scott v. First S. Nat'l Bank*, 936 F.3d 509, 517 (6th Cir. 2019) ("The FCRA creates a private right of action for consumers to enforce the requirement under § 1681s-2(b) that furnishers of information investigate upon receiving notice of a dispute."). But there is no private right of action under § 1681s-2(a), which requires "furnishers of information to provide accurate information." *Boggio*, 696 F.3d at 615 (citing § 1681s-2(d)); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 783 n.4 (W.D. Ky. 2003). As a result, consumers have a private right of action under § 1681s-2(b) and not § 1681s-2(a). *See id*.

However, "[c]onsumers must file a dispute with a consumer reporting agency to trigger the furnisher's duty to investigate under §1681s-2(b)." *Scott*, 936 F.3d at 517; *see also*, *e.g.*, *Merritt v. Experian*, 560 F. App'x 525, 528-29 (6th Cir. 2014) ("Furnishers' of information to consumer reporting agencies do have certain responsibilities to investigate [under the FCRA]—but only after receiving a request from a consumer reporting agency to respond to a dispute."); *Stafford*, 262 F. Supp. at 784 (W.D. Ky. 2003) ("This means that a furnisher of credit information, such as the Bank, has no responsibility to investigate a credit dispute until *after* it receives notice from a consumer reporting agency."). In other words, furnishers *only* have a duty to investigate under § 1681s-2(b) when the CRA informs the furnisher of the dispute, not the consumer.

As a furnisher, Chase has a duty to investigate only after receiving a request from a CRA. *See Merritt*, 560 F. App'x at 523-29. Here, Buckner disputes only that Chase failed to investigate Buckner's direct dispute. [DE 1-2 at 15]. However, a direct dispute does not trigger the duty for furnishers to investigate under § 1681s-2 (b). *Merritt*, 560 F. App'x at 523-29. As a result, even taking Buckner's allegations as true and in a light most favorable to her, her direct dispute did not trigger Chase's duty to investigate under the FCRA. *See id*. Because there is no dispute that Chase is a furnisher of credit information, and the only claim under the FCRA is that Chase failed to investigate the direct dispute made by Buckner, Chase's request for summary judgment as a matter of law for Count IV: Violation of U.S.C. § 1681s-2 must be **GRANTED**.

## IV.    CONCLUSION

For all the reasons above, and the Court being otherwise sufficiently advised**, IT IS ORDERED** as follows:

1. Chase's motion to dismiss [DE 21] as to Count II and III is **GRANTED**;

2. Chase's motion for summary judgment [DE 21] as to Count I and IV is **GRANTED**;

3. A separate judgment will be entered accordingly.

June 18, 2025

Rebecca Grady Jennings, District Judge
United States District Court